# Supreme Court of the Navajo Nation

**Office of Navajo Labor Relations, Plaintiff-Appellant,**

**v.**

**Navajo Housing Authority, Defendant-Appellee.**

AND

## No. **A-CV-28-92**

**Office of Navajo Labor Relations, Plaintiff-Appellant,**

**v.**

**Contractors Mobile Wash, Defendant-Appellee.**

**Decided August 25, 1993**

## OPINION

Before YAZZIE, Chief Justice, CADMAN and TOLEDO, Designated Associated Justices.

Wilson Yellowhair, Esq., Navajo Nation Department of Justice, Window Rock, Navajo Nation (Arizona), for the Appellant; Lawrence A. Ruzow, Esq., Window Rock, Navajo Nation (Arizona), for the Appellee; and Denise Begay, Esq., Navajo Housing Authority, Window Rock, Navajo Nation (Arizona), for the Appellee.

Opinion delivered by YAZZIE, Chief Justice.

This appeal involves two termination of employment cases before the Navajo Nation Labor Commission (Commission), which dismissed complaints filed by the Office of Navajo Labor Relations (ONLR). In each case, the Commission dismissed ONLR's claim for failure to timely file a complaint pursuant to the Navajo Preference in Employment Act (Act). We consolidate these two cases for one opinion, because they involve similar issues. Both require an interpretation of the Act.

I

In *Office of Navajo Labor Relations v. Contractors Mobile Wash,* Leonard James was terminated on March 14, 1989 from his employment with Contractors Mobile Wash, (Mobile Wash) a subcontractor of Peabody Coal Company. James filed a complaint with the ONLR alleging that Mobile Wash allegedly violated the Act by terminating him without just cause. In the second case, *Office of Navajo Labor Relations v. Navajo Housing Authority,* Bette M. Gurule was ter-

minated from her employment with the Navajo Housing Authority (NHA) on June 13, 1989. Gurule filed a complaint with ONLR against NHA on October 19, 1989 for an alleged wrongful termination in violation of her due process rights. On December 30, 1991, ONLR filed separate claims on behalf of James and Gurule against Mobile Wash and NHA. On June 8, 1992, the Commission, in separate actions, dismissed both claims for failure to timely file a complaint within 360 days as required by section 10(J) (3) of the Act. ONLR subsequently appealed the Commission's dismissal of James' and Gurule's complaints. ONLR contends that it is not barred from filing a claim against Mobile Wash and NHA, and the Commission erred by misinterpreting sections 18(A) and 18(D).

## II

The question presented for this appeal is whether the Commission erred in dismissing ONLR's claims on behalf of James and Gurule for failure to timely file the claims pursuant to Section 10(J) (3) of the Act.

## III

Generally, a statute must be read on its face to determine its intent and purpose. *Becenti v. Navajo Forest Products Industries*, 4 Nav. R. 147, 148 (1983). When the language of a statute is clear, plain, and unambiguous, it must be held to mean what it says. In *Keith v. Allred*, 3 Nav. R. 191 (1981), and in *In the Matter of Practice of: William P. Battles*, 3 Nav. R. 92 (1982), we applied this rule in construing a statute.

To interpret Sections 18(A), 18(D), and 10(J) (3) of the Act, every word, clause, and sentence of the sections must be examined to determine if the language is clear. If not, we must find the intent of the Navajo Nation Council to interpret those sections.

To determine the time limits for filing a claim, we must first establish the "effective date" of the Act.

Section 18(A) states:

> The effective date of this Act shall be 60 days after the passage of the Act by the Navajo Nation Council and shall remain in effect until amended or repealed by the Navajo Nation Council.

The Commission, in interpreting Section 18(A), concluded that the Act was passed by the Navajo Nation Council on October 25, 1990, and it became law 60 days later, on December 24, 1990. We agree with this interpretation because the language of 18(A) is clear, plain and unambiguous. Therefore, the effective date of the Act is December 24, 1990.

ONLR filed both complaints on December 30, 1991, eleven days beyond the 360 day deadline for filing a claim. Were these complaints timely filed? Section 18(D) sets out the time limits for filing a claim:

Notwithstanding an actual accrual date for any alleged violation of the Act which is prior to the effective date of the amendment which added the time limits in Section 10 hereof, such alleged violation shall be deemed to accrue on the effective date of the foregoing amendment for purposes of all time limits set forth in Section 10.

The Act is a remedial statute, and as such, it applies to causes of action which accrued prior to enactment, but were not asserted until after the effective date. These claims happened prior to the date of the amendment, but when it went into effect on December 24, 1990, the amended Act provided that as the accrual date. The Office had 360 days from the accrual date but failed to file on behalf of the two employees within that time. By law, the actions accrued on December 24, 1990. We agree with the Commission's interpretation that the James and Gurule claims were governed by the remedial provisions of the Act, as amended, and that the claims should be dismissed on the ground that they were not asserted or filed within 360 days of accrual.

We AFFIRM the Commission's decision to dismiss ONLR's claims for failing to comply with Section 10(J) (3) of the Act.